# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BT COLLECTIVE, a California Non-Profit Mutual Benefit Corporation, on behalf of itself and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br>  vs.<br><br>IP HOLDINGS, LLC, a Washington Limited Liability Company, and DOES 1 to 100 Inclusive,<br><br>                            Defendants. | CASE NO. 11cv0021-LAB (WVG)<br><br>**ORDER DENYING JOINT MOTION TO FILE DOCUMENTS UNDER SEAL** |

     BT Collective is a California business that, according to its complaint, cultivates "organic health care plant products in California." (Compl. ¶ 4.) If the mere name "BT Collective" doesn't give away the kind of plant it cultivates, consider that it has sought a protective order for each of its principals' depositions because they "will involve sensitive matters pertaining to criminal liability due to differences between state and federal law."[1] (*See* Dkt. Nos. 15, 25.) Now it's obvious.

---

[1] The language "criminal liability due to differences between state and federal law" betrays a gross misunderstanding of how criminal liability works. *Differences* between state and federal law do not give rise to criminal liability, nor do they mitigate it. If BT Collective grows plants that federal law prohibits it from growing, its conduct is criminal. Simple as that.

And *now* BT Collective wants the Court's help in flying under the radar of federal law enforcement. Not only did it seek the protective orders for its principals' depositions, which were granted, but the parties have now jointly moved for permission to file under seal Sunlight Supply's motion to dismiss, its supporting exhibits, and all subsequent briefing. (*See* Dkt. Nos. 28, 30.) BT Collective is more than welcome to bring this case against Sunlight Supply, but it cannot expect the Court to insulate it from the collateral consequences of doing so. The fact is that United States law does not respect California's more permissive marijuana laws. *United States v. Schafer*, 625 F.3d 629, 638 (9th Cir. 2010); *United States v. Rosenthal*, 454 F.3d 943, 948 (9th Cir. 2006). The Department of Justice has indicated it does not intend to prosecute individuals who are in clear and unambiguous compliance with state laws authorizing the distribution of medical marijuana, but this is no legal defense to violations of the federal drug laws. *See United States v. Stacy*, 696 F.Supp.2d 1141, 1147 (S.D. Cal. 2010).

The protective orders respecting the depositions were requested and entered before the depositions were taken, and they provide that "[o]nly the parties to this action, their attorneys of record, their expert witnesses, and any other persons ordered by the Court, shall be permitted access to and use of the transcript." The Court acknowledges that BT Collective has relied on the protective orders, and that they were requested under Fed. R. Civ. P. 26(c)(1)(F), which expressly contemplates the sealing of depositions. Nonetheless, the protective orders are **VACATED**. BT Collective suffers no prejudice because the depositions appear nowhere in the case docket, and the principals avoided incriminating themselves in their respective depositions by vigorously asserting their Fifth Amendment rights in response to questioning.

BT Collective has two options going forward. One, it can litigate this case with total transparency and roll the dice that the United States does not file criminal charges against it. Two, if it does not want to do that, it can quit now and voluntarily dismiss this case. Either way, the joint motions to seal are **DENIED**. Sunlight Supply should file its motion to dismiss

//

and supporting exhibits as public documents *on* September 30 if BT Collective does not voluntarily dismiss this case before then.

**IT IS SO ORDERED**.

DATED: September 20, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge